UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL RICHMOND,

    Plaintiff,

v.

OFFICER MICHAEL MOSLEY and
THE CITY OF DETROIT,

    Defendants.

Case No. 20-11978
Honorable Laurie J. Michelson

---

**OPINION AND ORDER GRANTING THE CITY OF DETROIT'S
MOTION FOR SUMMARY JUDGMENT [34]**

---

In March 2019, Detroit Police Department Officer Michael Mosley allegedly submitted a "false" affidavit in support of a search warrant for Darrell Richmond's home. (ECF No. 9, PageID.73.) According to Richmond, Mosley swore that he received a tip implicating Richmond from a reliable confidential informant. (*Id.* at PageID.74.) But, says Richmond, Mosley had only interacted with the informant once before and had "threatened" the informant in order to get Richmond's name. (*Id.*) Nonetheless, a warrant issued, Richmond's home was searched, and a gun and drugs were recovered. (*Id.*) In time, Richmond pled guilty to one count of delivery/manufacture of a controlled substance and one felony-firearm offense. (ECF No. 34-3, PageID.399.) He was sentenced to a three- to twenty-year term of imprisonment. (*Id.*)

But that was far from the end of the story. About a year later, Officer Mosley pled guilty to one count of federal-program bribery. *See generally United States v. Mosley*, No. 19-20548 (E.D. Mich. 2020) (ECF No. 14), *available at* (ECF No. 42-2). As

part of his plea agreement, Mosley admitted to accepting a $15,000 bribe in exchange for returning a drug trafficker's signed admission of guilt following a raid in May 2019. (ECF No. 42-2, PageID.562.) Neither party suggests that this incident was in any way related to the search of Richmond's home, which occurred two months prior. (ECF No. 34-1, PageID.313.)

Following Mosley's conviction, Richmond says that the Wayne County Conviction Integrity Unit reviewed his case, sought to vacate his convictions, and eventually "fully exonerated" him. (ECF No. 42, PageID.498, 504.) (More on that "exoneration" later.)

After his release from prison, Richmond filed suit under 42 U.S.C. § 1983, bringing *Monell* claims against the City of Detroit and bringing false-arrest, malicious-prosecution, and due-process claims against Mosley, in addition to several state-law claims. (*See generally* ECF No. 9.) Mosley is currently defending himself pro se. (*See* ECF No. 31.) Following an extensive discovery period, the City moved for summary judgment. (ECF No. 34.) That motion is fully briefed. (ECF Nos. 42, 44.) Given the limited record relied on by the parties and the issues they chose to raise, the Court considers the motion without further argument. *See* E.D. Mich. LR 7.1(f).

## I. Legal Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Or, stated less formally, the City is entitled to summary judgment only if no reasonable jury could

find in favor of Richmond. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

One way that the moving party may discharge its initial summary judgment burden is by "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (citing Fed. R. Civ. P. 56(c), (e)). If the moving party does so, the party opposing the motion must do more than rely upon allegations, and "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must then determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury, or whether the evidence is so one-sided that the moving party must prevail as a matter of law. *Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

## II. Evidentiary Issues

To start, the City points out that Richmond failed to support two essential elements of his case.

First, and most critically, the City notes that "all of Richmond's claims stem from the search warrant." (ECF No. 34, PageID.272; *see also* ECF No. 9, PageID.77, 79, 80, 82, 84, 87.) However, says the City, "Richmond has provided no admissible evidence . . . to satisfy the requirement to show that Mosley stated a deliberate

3

falsehood or showed reckless disregard for the truth" when he submitted the search-warrant affidavit. (*Id.* at PageID.283.)

In response to the City's motion, Richmond cites only the complaint to support this allegation—and he cites the inoperative complaint at that. *See* (ECF No. 42, PageID.498 (citing ECF No. 1, PageID.2); *but see* ECF No. 9 (amended complaint)); *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case[.]"). Neither the initial nor the amended complaint reference any evidence to support either the affidavit's falsity itself or Mosley's state of mind. (*See* ECF Nos. 1, 9.) And though the Court is not required to scour the record to identify any additional evidence that might do so, both Richmond and Mosley denied having personal knowledge of the affidavit's falsity in their depositions. *See* Fed. R. Civ. P. 56(c)(3); (ECF No. 34-2, PageID.359–360; ECF No. 42-1, PageID.552 (Mosley's deposition in a related case denying "any general memory or knowledge" of the facts related to Richmond)).

As explained, Rule 56(c) requires a party to "go beyond the pleadings" and identify admissible evidence of the essential elements of his claim. *See Celotex*, 477 U.S. at 324. It is well settled that pleadings are not evidence. *See e.g.*, *Shreve v. Franklin Cnty., Ohio*, 743 F. 3d 126, 136 (6th Cir. 2014) ("[T]he evidence in the record, not the pleadings, governs whether a party has raised a genuine dispute of material fact sufficient to survive a motion for summary judgment."); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2727.2 Grounds for Summary

Judgment—Burden on the Opposing Party (4th ed. 2023) ("As is clear by Rule 56(c)'s express requirement that the nonmoving party must support its factual positions, the nonmovant cannot satisfy that burden by relying on mere allegations in the pleadings to show that there is a triable issue."). So not only has Richmond failed to produce evidence that Mosley stated a deliberate falsehood or acted with a reckless disregard for the truth, but he also failed to provide admissible evidence that the affidavit was false, period.[1]

Second, the City argues that Richmond's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). (ECF No. 34, PageID.267–271.) Though the Court will consider the *Heck* bar on the merits below, the City points out that Richmond failed to produce any evidence that an "order to vacate [his] conviction was entered on March 24, 2020[,]" as the complaint alleged. (ECF No. 9, PageID.76; ECF No. 34, PageID.266.) In addition, the City provided Richmond's state-court register-of-actions, which contains nothing to suggest that Richmond's conviction was invalidated on that date or any other. (ECF No. 34-4, PageID.401.)[2]

In response, Richmond doubles down, arguing that his criminal conviction "was vacated by the Michigan Third Judicial Circuit in Wayne County." (ECF No. 42, PageID.504.) He cites three sources of evidence to support this allegation, but none

---

[1] Because the affidavit's falsity is central to each of Richmond's claims, this finding appears to be fatal to his entire case. But because the City did not move for summary judgment on this basis, the Court will proceed.

[2] The dates in this register-of-actions are clearly off by one year. So the Court accessed the Wayne County Circuit Court electronic docket and reviewed the docket there as well. It contains no entry vacating Richmond's conviction.

5

actually do so. The first is the complaint. For reasons just explained, the complaint is not evidence. Next, he cites two newspaper articles. (ECF Nos. 42-3, 42-4.) But as the City correctly points out, newspaper articles are inadmissible hearsay if offered for the truth of their contents. (ECF No. 44, PageID.1049); *see also Turner v. City of Taylor*, 412 F.3d 629, 652 (6th Cir. 2005) (affirming summary judgment because a "newspaper article was inadmissible hearsay" that "could not create a genuine issue of material fact for trial"). Even if it were not hearsay, the Detroit Legal News article does not say that Richmond's conviction was vacated—it says that "the prosecutor's Public Integrity Unit . . . recommended Richmond's release from prison." (ECF No. 42-3, PageID.585.) So that does not help. Finally, Richmond cites two records from the Michigan Department of Corrections, neither of which list the relevant convictions. (ECF Nos. 42-5, 42-6.) But Richmond does not explain why the Court should interpret the omission of these convictions from prison records as affirmative evidence that his conviction was vacated by the state court, as he claims. And Richmond says nothing about the register-of-actions that the City provided. (*See* ECF No. 42.) Accordingly, the Court finds that Richmond failed to produce evidence that his convictions were vacated or otherwise invalidated.

To sum up, there is no admissible evidence that Mosley's affidavit was false or that Richmond's convictions were vacated.

### III. Federal Claims

Now to the merits. As explained, the City—and not Mosley—moved for summary judgment on the single *Monell* claim against it. But as both parties

6

acknowledge, the City's liability is contingent on Mosley having committed a constitutional violation. *See* (ECF No. 34, PageID.275; ECF No. 42, PageID.524); *Westmoreland v. Butler Cnty., Kentucky*, 29 F.4th 721, 731 (6th Cir. 2022) ("[W]hether [the municipal entity] is liable for [its employee's] actions is contingent on whether a constitutional violation occurred."). And, says the City, Mosley is not liable for any constitutional violations. *See Westmoreland*, 29 F.4th at 731 ("If no constitutional violation by the individual defendants is established, the municipal defendants cannot be held liable under § 1983."). So it asks the Court to grant the motion and dismiss the case in its entirety. (ECF No. 34, PageID.256.)

Accordingly, the Court will consider whether Mosley violated Richmond's constitutional rights before turning to the City's liability.

## A. Claims against Mosley

Richmond brings false-arrest, malicious-prosecution, and *Brady* claims against Mosley, and he seeks money damages for injuries resulting from his arrest, prosecution, conviction, and sentence. (*See* ECF No. 9.) The City says that all of Richmond's § 1983 claims against Mosley are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[3] (ECF No. 34, PageID.267–271.) The Court agrees.

*Heck* defines the relationship between a plaintiff's valid criminal conviction and his subsequent, related constitutional claims under § 1983. *See* 512 U.S. at 483. The Supreme Court concluded that permitting a § 1983 action to proceed where

---

[3] The City also argues that the *Heck* bar is jurisdictional, but the Court disagrees for reasons it explained in a prior opinion. *See Kitchen v. Snyder*, No. 18-11430, 2019 WL 3859887, at *1 (E.D. Mich. Aug. 16, 2019) (collecting cases).

7

success in that action would necessarily imply the invalidity of a criminal conviction "would essentially permit a collateral attack on the conviction through the vehicle of a civil suit." *D'Ambrosio v. Marino*, 747 F.3d 378, 384 (6th Cir. 2014) (internal quotation marks omitted); *see also Heck*, 512 U.S. at 486 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction[.]"). Accordingly, a plaintiff "may not sue under § 1983 when the basis for the claim necessarily implies the invalidity of a previous state criminal conviction." *Hensley v. Gassman*, 693 F.3d 681, 693 (6th Cir. 2012). Because Richmond has not shown that his convictions were vacated or otherwise invalidated, the question is whether his § 1983 claims "necessarily" imply the invalidity of his state controlled-substance and felony-firearm convictions.

The City argues that they do. (ECF No. 34, PageID.271.) Richmond responds to the City's *Heck* arguments in a single sentence that the Court already rejected: "Here, Mr. Richmond's case was vacated by the Michigan Third Judicial Circuit in Wayne County." (ECF No. 42, PageID.504.) In other words, he did not respond to this argument at all. So any argument that the § 1983 claims do not necessarily imply the invalidity of his conviction has been waived. *See Murray v. Geithner*, 763 F. Supp. 2d 860, 871–72 (E.D. Mich. 2011) ("When a party fails to respond to a motion or argument therein, the Sixth Circuit has held that the lack of response is grounds for

8

the district court to assume opposition to the motion is waived, and grant the motion." (citing *Humphrey v. U.S. Atty. General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008))).

Even if this argument had not been waived, the *Heck* bar would likely apply.

Start with the false-arrest and malicious-prosecution claims. Generally speaking, "a Fourth Amendment violation invalidates a conviction where an unconstitutional search uncovered key evidence that must be suppressed." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 405 (6th Cir. 2013); *see also Morris v. City of Detroit*, 211 F. App'x 409, 411 (6th Cir. 2006). But if the challenged searched produced no evidence, or if the evidence would have been admissible because of an exception to the exclusionary rule, the *Heck* bar would not apply. *Harper v. Jackson*, 293 F. App'x 389, 392 (6th Cir. 2008). Put slightly differently, if a plaintiff's § 1983 claim suggests that key evidence in the plaintiff's criminal case should have been suppressed, it necessarily implies the invalidity of the plaintiff's conviction and is *Heck*-barred."[4]

Here, Richmond argues that there was no probable cause for the search, arrest, and prosecution. (ECF No. 9, PageID.79; ECF No. 42, PageID.521–522.) The challenged search uncovered the key—indeed, the only—evidence used to secure Richmond's convictions; namely, the gun and drugs. (*See* ECF No. 34-1, PageID.313–314 (transcript of Richmond's guilty plea).) Richmond points to no legal doctrine that

---

[4] A plaintiff may be able to avoid the *Heck* bar for Fourth Amendment claims that assert injuries other than the plaintiff's conviction and sentence. *See Heck*, 512 U.S. at 487 n.7; *Blimline v. Thirty Unknown Emps. of the Sec. & Exch. Comm'n*, 757 F. App'x 299, 302 (5th Cir. 2018) (finding that § 1983 claim for illegal search was not *Heck*-barred when plaintiff sought compensation for property damage). But Richmond did not do so. (ECF No. 9, PageID.79–83.)

9

would have saved this evidence from suppression if the search was, in fact, unconstitutional. *See Holson v. Good*, 579 F. App'x 363, 365 (6th Cir. 2014) (applying *Heck* bar when plaintiffs claimed to have been unconstitutionally searched but failed to identify a separate legal doctrine that would have saved the evidence discovered in the search from suppression). And the record does not suggest that any exceptions to the exclusionary rule would apply. *See Harper*, 293 F. App'x at 392. So a successful challenge to the search would necessarily imply the invalidity of Richmond's convictions. *See Johnson v. Michigan*, No. 20-CV-12082, 2021 WL 4034229, at *3 (E.D. Mich. Sept. 3, 2021) ("[T]he gun found during the search of Johnson's home became the subject of a criminal charge against him for which Johnson was convicted, and a finding in favor of Johnson on his claim that [officers] unlawfully searched his home would necessarily imply the invalidity of his felon-in-possession conviction." (citing *Fox v. Michigan State Police Dep't*, 173 F. App'x 372, 377 (6th Cir. 2006))); *Visner v. Gatza*, No. 19-11289, 2019 WL 2285313, at *1–2 (E.D. Mich. May 29, 2019) ("Visner challenges police raids on his property along with the ensuing state criminal process that, taken together, led to his felony firearm convictions. Success in this action would demonstrate the invalidity of Visner's convictions."). Accordingly, until Richmond provides admissible evidence that his convictions have been invalidated, his false-arrest and malicious-prosecution claims are *Heck*-barred.

Now consider the *Brady* claim. (ECF No. 9, PageID.82–83.) Richmond alleges that "Mosley's knowledge that the statements he provided to establish probable cause for the search warrant and affidavit were false was exculpatory" but not disclosed to

10

the prosecutor in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (*Id.*) In other words, Richmond claims that, had Mosley's knowledge "been produced prior to [Richmond] being arrested, imprisoned and prosecuted, none of those injurious events would have occurred." (ECF No. 42, PageID.524.)

The Sixth Circuit has made clear that, because a "*Brady* violation is a reversible error," a suit seeking damages for a *Brady* violation "necessarily implies the invalidity of the underlying conviction." *Ruiz v. Hofbauer*, 325 F. App'x 427, 431 (6th Cir. 2009); *see also Hobbs v. Faulkner*, No. 19-3303, 2020 WL 12933850, at *2 (6th Cir. June 9, 2020). Accordingly, this claim attacks the validity of Richmond's convictions, so it is *Heck*-barred until the convictions have been invalidated.

In sum, permitting any of these claims to survive "would essentially permit a collateral attack on [Richmond's] conviction[s] through the vehicle of a civil suit." *See D'Ambrosio*, 747 F.3d at 384. So Richmond failed to overcome the *Heck* bar, and his constitutional claims against Mosley are not cognizable. *See Heck*, 512 U.S. at 487.

### B. Claim against the City

Having disposed of the claims against Mosley, the Court concludes that the *Monell* claim against the City must be dismissed as well. "Axiomatically . . . there can be no *Monell* municipal liability under § 1983 unless there is an underlying unconstitutional act against the plaintiff." *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1165 (6th Cir. 2021) (cleaned up). As discussed, Richmond has not shown that the affidavit was false, that Mosley knew that it was false, or that Mosley violated any of his constitutional rights. So this claim will be dismissed.

## IV. State-law Claims

That leaves Richmond's state-law claims against Mosley. (ECF No. 9, PageID.84–88.)

The Court's only basis for jurisdiction over these claims is supplemental jurisdiction. Now that the federal claims have been dismissed, the calculus for exercising supplemental jurisdiction has changed. "[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014) (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006)). Instead, "the balance of considerations usually will point to dismissing the state law claims[.]" *Bell-Kachelski v. Michigan Prot. & Advoc. Serv., Inc.*, No. 17-2508, 2018 WL 6823769, at *3 (6th Cir. Sept. 10, 2018) (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996)).

Here, the Court sees no reason to "needlessly decid[e] state law issues." *See Moon*, 465 F.3d at 728. So it declines to exercise supplemental jurisdiction over the state-law claims and dismisses them without prejudice.

## V. Conclusion

For these reasons, the City's motion for summary judgment is GRANTED. (ECF No. 34.) A separate judgment will follow.

SO ORDERED.

Dated: June 14, 2023

                                          s/Laurie J. Michelson
                                          LAURIE J. MICHELSON
                                          UNITED STATES DISTRICT JUDGE